SRM

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Filiberto Batista de la Paz,**<br>Petitioner<br>-vs-<br>**D. Elliott, et al.,**<br>Respondent(s) | CV-05-3309-PHX-JAT (JI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Buckeye, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 5, 2005 (#1). The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND

Petitioner was indicted in the Gila County Superior Court on August 12, 1999 on counts of transportation of marijuana for sale, possession of drug paraphernalia, use of narcotic drugs, use of dangerous drugs, and driving under the influence of drugs. (Answer, #16, Exhibit A, Indictment.) (Exhibits to the Answer, #16 are referenced hereinafter as "Exhibit __.") The charges stemmed out of a traffic stop on August 9, 1999, which resulted in a search of Petitioner's vehicle and his arrest. (Exhibit B, Traffic "Warning.")

//

**B. PROCEEDINGS AT TRIAL**

Petitioner's counsel, Anna Ortiz, filed a Motion to Suppress (Exhibit C) the fruits of the stop and search, based upon the fact that Petitioner had not committed a traffic violation, and was stopped solely to be issued a traffic warning.  The motion was denied, and the case was set for trial on March 28, 2000.  (Exhibit D, M.E. 2/29/00.)  Petitioner failed to appear for trial, and was convicted in absentia on the transportation and paraphernalia charges.  The state dismissed the remaining charges.  Sentencing was postponed until Petitioner's apprehension. (Exhibit E, M.E. 3/28/00; Exhibit F, M.E. 3/29/00; Exhibit G, Verdict.)

A bench warrant (Exhibit H) was issued for Petitioner's arrest.  Over four years later, on or about May 27, 2004,  Petitioner was apprehended .  (Exhibit I, Executed Warrant.)

Petitioner subsequently retained attorney Homero Torralba to represent him at sentencing.  (Exhibit J, Pre-Sentence Report at 5; Exhibit N, Motion to Withdraw.)  However, when Petitioner appeared for sentencing on September 27, 2004, he was while still being represented by Anna Ortiz.  (Exhibit K, M.E. 9/27/4.)

Petitioner was sentenced to concurrent sentences of five years on the transportation charge, and one year on the paraphernalia charge. (Exhibit K, M.E. 9/27/4.)  On the same date, Petitioner signed a "Notice of Rights of Review After Conviction" (Exhibit L), detailing Petitioner's rights to appeal and post-conviction relief.  The notice was in both English and Spanish.  (Exhibit M.)

In April, 2000, the trial court advised the parties, including Petitioner through trial counsel Anna Ortiz, of the need to relocate the trial exhibits, in particular the impounded bales of marijuana.  (Exhibit P.)  On January 13, 2005, the Court advised attorney Ortiz of the impending destruction of trial exhibits.  (Exhibit Q.)

**C.  PROCEEDINGS ON DIRECT APPEAL**

Petitioner did not file a notice of appeal, or otherwise pursue a direct appeal.  (Petition, #1 at 2.)  In his Petition, Petitioner argues that "the petitioner's attorney [led] the petitioner to believe an appeal was filed, when in fact it wasn't."  (Petition, #1 at 5.)

Almost a year after sentencing, on August 15, 2005, Petitioner wrote to the trial court asking for his trial records, including exhibits and transcripts.  On August 22, 2005, Petitioner wrote to the trial court again requesting all of his trial records, stating his intent to file an appeal.  (Exhibit R.)  On September 16, 2005, the Clerk of the trial court wrote Petitioner, providing a form of "Notice of Appeal," and advising him of the need to file the notice in order to appeal and have counsel appointed.  The notice related that appointed appellate counsel would be able to access the trial record.  (Exhibit S.)

## D.  PROCEEDINGS ON POST-CONVICTION RELIEF

Petitioner asserts that he filed a notice of post-conviction relief on September 29, 2004, but admits that the petition for post-conviction relief was "not filed."  (Petition, #1 at 2.)  Petitioner did file *pro se* a "Request for Preparation of Post-Conviction Relief Record" on September 29, 2004.  (Petition, #1, Exhibits after p. "7".)  In his Petition, Petitioner argues that "Petitioner attempted to file a Rule 32 proceeding, but filed the wrong documents and time limits ran out."  (Petition, #1 at 5.)

In the meantime, on October 14, 2004, Attorney Torralba filed a Motion to Withdraw (Exhibit N), noting that he had been retained to "represent defendant through the sentencing phase of his case," but that "[a]fter the sentencing hearing [he] agreed to explore possible issues for appeal."  The motion was based upon the fact that counsel had "received notice that Mr.  Batista de la Paz had requested a Rule 32, Ariz.  R.  Crim.  Pro., record *in forma pauperis*."  The motion was granted on November 12, 2004. (*Id.*)

Petitioner never sought review by the Arizona Court of Appeals on his post-conviction relief proceedings.  (Petition #1 at 2.)

## E.  PRESENT FEDERAL HABEAS PROCEEDINGS

Petitioner commenced this proceeding by filing his Petition for Writ of Habeas Corpus on October 5, 2005.  Petitioner's Petition asserts four grounds for relief: (1) the search was conducted improperly; (2) various errors and misrepresentations prior to and during trial; (3)

1    ineffective assistance of trial counsel; and (4) admission of false evidence.

2         On November 18, 2005, Petitioner filed a "Motion for Leave to Amend" (#11), which

3    the Court construed to be a motion to supplement the record with the traffic warning attached

4    to the motion. The Motion was granted. (Order 1/5/6, #15.)

5         On January 20, 2006, Respondents filed their Answer (#16), arguing that Petitioner's

6    claims are all procedurally defaulted, and this his Petition must be dismissed with prejudice.

7         On April 24, 2006, Petitioner filed his Reply (#22), arguing that his procedural default

8    was caused by attorney Homero Torralba's ineffective assistance, *i.e.* his failure to file a PCR

9    petition or direct appeal, despite being paid to do so, and despite having represented that he did

10    so.

11

12                      **III. APPLICATION OF LAW TO FACTS**

13         Respondents argue that Petitioner has failed to exhaust his state remedies on his claims,

14    because he never fairly presented the claims to the state appellate courts. They further argue

15    that the claims are now procedurally defaulted, and thus must be dismissed with prejudice.

16

17    **A. EXHAUSTION**

18       **Exhaustion Required** - Generally, a federal court has authority to review a federal

19    constitutional claim presented by a state prisoner only if available state remedies have been

20    exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)(per curiam). The exhaustion doctrine,

21    first developed in case law has been codified at 28 U.S.C. § 2254(b) and (c). When seeking

22    habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim.

23    *Cartwright v. Cupp,* 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied,* 455 U.S.

24    1023 (1982).

25         Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first

26    raise the claim in a direct appeal or collaterally attack his conviction in a petition for

27    post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir.

28    1994). Only one of these avenues of relief must be exhausted before bringing a habeas

1   petition in federal court.   This is true even where alternative avenues of reviewing

2   constitutional issues are still available in state court.  *Brown v. Easter*, 68 F.3d 1209, 1211

3   (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S.

4   1059 (1989).  "In cases not carrying a life sentence or the death penalty, 'claims of Arizona

5   state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals

6   has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting

7   *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999)).[1]

8          **Petitioner's Claims Not Exhausted** - Respondents argue and the record reflects that

9   Petitioner did not present the federal claims raised in this Petition to the state appellate courts.

10  Indeed, Petitioner has apparently never made a state appellate filing.  Because Petitioner failed

11  to fairly present his federal claims to the Arizona Court of Appeals, his grounds for relief were

12  not properly exhausted.   Ordinarily, that would mandate the dismissal of his claims, albeit

13  without prejudice.  *Johnson v. Lewis,* 929 F.2d 460, 463 (9th Cir. 1991).

14

15  **B. PROCEDURAL DEFAULT**

16         However, Respondents argue that Plaintiff has not merely failed to exhaust, but has

17  procedurally defaulted his un-presented claims. As an alternative to presenting his claims to

18  the highest state court, a petitioner can satisfy the exhaustion requirement by demonstrating

19  that no state remedies remained available at the time the federal habeas petition was filed.

20  *Engle v. Isaac*, 456 U.S. 107, 125 (n. 28)(1982); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir.

21  1989).  If, however, the bar to presenting the claims is of the petitioner's own making, then he

22  may be precluded from seeking habeas relief.

23                 If state remedies are not available because the petitioner failed to
                   comply with state procedures and thereby prevented the highest state
24                 court from reaching the merits of his claim, then a federal court may
                   refuse to reach the merits of that claim as a matter of comity.

25  *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).  This failure to comply with reasonable

26

27         [1] The undersigned notes that Respondents argue that the reasoning of *Swoopes* was undermined by *Baldwin

28  v. Reese*, 541 U.S. 27 (2004).  However, *Castillo* was decided after *Baldwin*, leaving this Court to conclude that the Ninth
    Circuit has found *Swoopes* to have survived *Baldwin*.

state procedures is usually characterized as "procedural default."  Where an unexhausted claim would clearly be barred as a result of a procedural default, dismissal without prejudice is not necessary, and the claim may be dismissed with prejudice as procedurally defaulted.  *Johnson v. Lewis*, 929 F.2d 460 (9th Cir. 1991).  Thus, to the extent that Petitioner's claims are now procedurally defaulted, they are barred from consideration.

Plaintiff can no longer seek direct review.  Under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence.  Moreover, the Arizona Rules of Criminal Procedure do not provide for a successive direct appeal.  *See generally* Ariz.R.Crim.P. 31.

Similarly, Plaintiff can no longer seek review by petition for post-conviction relief. Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later."  *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition). While Rule 32.4(a) does not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h), Petitioner has not asserted that any of these exceptions are applicable to him.

Accordingly, it appears that Petitioner's unexhausted claims are procedurally defaulted. Dismissal with prejudice of a procedurally barred or procedurally defaulted habeas claim is generally proper absent "cause and prejudice" to excuse the default.  *Reed v. Ross*, 468 U.S. 1, 11 (1984); *Tacho v. Martinez,* 862 F.2d 1376, 1380 (9th Cir. 1988).

**Cause and Prejudice** - If the habeas petitioner has procedurally defaulted on a claim, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default.  *Reed*, 468 U.S. at 11.  "Cause" is the legitimate excuse for the default.  *Thomas v. Lewis,* 945 F.2d 1119, 1123 (9th Cir. 1991). "Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term "cause" precise content.'" *Harmon v. Barton,* 894 F.2d 1268, 1274 (11th Cir. 1990) (*quoting Reed,* 468 U.S. at 13), *cert. denied,* 498 U.S. 832 (1990).  The Supreme

Court has suggested, however, that cause should ordinarily turn on some objective factor external to petitioner, for instance:

> ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, (citation omitted), or that "some interference by officials", (citation omitted), made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier,* 477 U.S. 478, 488 (1986).

Although both "cause" and "prejudice" must be shown to excuse a procedural default, a court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac,* 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991).

Petitioner argues in his Reply that he has good cause for his failure to properly exhaust his state remedies, because Attorney Torralba rendered ineffective assistance of counsel when he failed to filed a PCR petition or direct appeal.

Ineffective assistance of counsel may constitute cause for failing to properly exhaust claims in state courts and excuse procedural default. *Ortiz v. Stewart,* 149 F.3d 923, 932, (9th Cir. 1998). However, a claim of ineffective assistance of counsel showing "cause" is itself subject to the exhaustion requirements. *Murray v. Carrier,* 477 U.S. 478, 492 (1986); *Edwards v. Carpenter,* 529 U.S. 446 (2000). Accordingly, "[t]o the extent that petitioner is alleging ineffective assistance of appellate counsel as cause for the default, the exhaustion doctrine requires him to first raise this ineffectiveness claim as a separate claim in state court." *Tacho v. Martinez,* 862 F.2d 1376, 1381 (9th Cir. 1988). Petitioner has not done so.

Petitioner offers no legitimate cause which precluded him from properly exhausting his state remedies. Accordingly, the undersigned does not reach the question of "actual prejudice." *See Engle*, 456 U.S. at 134 n. 43.

**Actual Innocence** - The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances. *Hughes v. Idaho State Board of Corrections,* 800 F.2d 905, 909 (9th Cir. 1986). Failure to establish cause may be excused under exceptional circumstances, for instance "where a constitutional violation has probably

1    resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478,

2    496 (1986) (emphasis added).  This standard for "actual innocence" is the same as that applied

3    in evaluating whether to allow successive habeas petitions.  *Sawyer v. Whitley*, 505 U.S. 333,

4    338 (1992). That standard was articulated in *Kuhlmann v. Wilson*, 477 U.S. 436 (1986) as

5    follows:

6              [T]he prisoner must "show a fair probability that, in light of all the
               evidence, including that alleged to have been illegally admitted (but with
7              due regard to any unreliability of it) and evidence tenably claimed to have
               been wrongly excluded or to have become available only after the trial,
8              the trier of the facts would have entertained a reasonable doubt of his
               guilt."
9
     *Id.,* 477 U.S., at 455, n. 17, quoting Friendly, *Is Innocence Irrelevant? Collateral Attack on*
10
     *Criminal Judgments,* 38 U.Chi.L.Rev. 142, 160 (1970).
11
12           Here, Petitioner does not argue that he was actually innocent of the charges for which

13   he was convicted. At most, he argues that evidence of his guilt was improperly admitted.  Any

14   such evidence must still be considered by this court in determining Petitioner's "actual

15   innocence." *Kuhlmann*, 477 U.S. at 455 n. 17. Moreover, the substance of his habeas claims

16   all focus on procedural aspects of the prosecution, or claims of improper admission of

17   evidence, not on his actual guilt or innocence.

18   **C.  SUMMARY AND DISPOSITION**

19           None of the grounds for relief in Petitioner's Petition were properly exhausted, and

20   they are all now procedurally defaulted.  Petitioner has failed to show valid cause to excuse his

21   procedural default, or actual innocence to allow this Court to consider his claims not

22   withstanding his procedural default.   Accordingly, the Petition must be dismissed with

23   prejudice. *Reed*, 468 U.S. at 11.

24

25                                   **IV.  RECOMMENDATION**

26           **IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of

27   Habeas Corpus, filed October 5, 2005  (#1) be **DISMISSED WITH PREJUDICE**.

28

1

2                          **V. EFFECT OF RECOMMENDATION**

3          This recommendation is not an order that is immediately appealable to the Ninth Circuit

4  Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate*

5  *Procedure*, should not be filed until entry of the district court's judgment.

6          However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall

7  have ten (10) days from the date of service of a copy of this recommendation within which to

8  file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section

9  2254 proceedings. Thereafter, the parties have ten (10) days within which to file a response

10 to the objections.  Failure to timely file objections to any factual or legal determinations of

11 the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of

12 the issues.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

13

14

15 DATED: June 5, 2006                    _____

16                                                     JAY R. IRWIN
                                                United States Magistrate Judge
17

18

19

20

21

22

23

24

25

26

27

28

                                               - 9 -